UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JAMES DOUGLAS SMITH | ] | |
| --- | --- | --- |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | No. 3:14-0979 |
| | ] | Judge Haynes |
| CORRECTIONS CORPORATION OF | ] | |
| AMERICA, et al. | ] | |
| Defendants. | ] | |

## MEMORANDUM

Plaintiff, James Douglas Smith, an inmate at the Shelby County Jail in Memphis, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants : Corrections Corporation of America (CCA); Mr. Deathrow, a Unit Manager at the Metro Davidson County Detention Facility; Cassandra Cromer, a Case Manager; and Ms. Bronson, a former guard at the Detention Facility.

According to his complaint, on October 19, 2013, Plaintiff reported to Officer Youst that Defendant Bronson had been using her position to sell contraband to other inmates in his housing unit. An investigation of the matter apparently led to Defendant Bronson's termination and for disciplinary punishment for at least one inmate. Plaintiff alleges that after news of his involvement spread, other inmates began to threaten him. According to Plaintiff, despite these threats, the CCA officers "did nothing". Plaintiff's requested transfer to another housing unit, but Plaintiff alleges that he remains subject to threats from other inmates.

To state a claim under 42 U.S.C. § 1983, Plaintiff must plead plausible facts that the Defendants, while acting under color of state law, deprived him of a right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The Defendants have a constitutional duty to protect the Plaintiff from the harmful conduct of fellow

1

inmates, as pretrial detainees, Ingraham v. Wright, 430 U.S. 651 (1987)(Fourteenth Amendment) or as convicted prisoners; Stewart v. Love, 696 F.2d 43, 44 (6th Cir.1982)(Eighth Amendment). This constitutional violation occurs when a prison official has been deliberately indifferent to the Plaintiff's risk of injury. McGhee v. Foltz, 852 F.2d 876, 880-881 (6th Cir.1988).

Here, Plaintiff's complaint reflects that in response to the threats of other inmates and at his request, Plaintiff was transferred to another housing unit to ensure his safety. Despite the alleged continuing threats, Plaintiff does not allege any actual harm since this controversy that began almost a year ago. Threats alone do not rise to the level of a constitutional violation. *See* McFadden v. Lucas, 713 F.2d 143, 147 (5th Cir.1983). On these factual allegations, the Court concludes that Plaintiff fails to state a claim for relief.

Absent a constitutional violation, Plaintiff has failed, therefore, to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court must dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

ENTERED this the ___2nd___ day of October, 2014.

WILLIAM J. HAYNES, JR.
United States District Judge